UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Gwendolyn Mingo,

    Plaintiff,

v.                                                                                   Case No. 11-12341

Daniel A. Baxter, individually and in his                    Honorable Sean F. Cox
official capacity as Director of Elections
of the City of Detroit,

    Defendant.
_____/

**OPINION & ORDER**

    Plaintiff ran for elected office as a member of the Citizens' District Council in two different districts in the City of Detroit. Defendant Daniel Baxter, the Director of Elections for the City of Detroit, disqualified Plaintiff in the Brush Park election. Thereafter, Plaintiff filed this action, asserting a procedural due process claim against Defendant. The matter is before the Court on Defendant's Motion for Dismissal and/or Summary Judgment. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court orders that the motion will be decided upon the briefs.

    As explained below, the Court concludes that Defendant's motion does not provide a cogent theory, or authority, for its request that the Court dismiss this action. Nevertheless, this Court shall *sua sponte* dismiss this action because Plaintiff has no constitutionally protected right to hold elected office, and therefore, she does not state a procedural due process claim.

**BACKGROUND**

A.      **Procedural Background**

Acting *pro se*, on May 26, 2011, Plaintiff Gwendolyn Mingo ("Plaintiff") filed this § 1983 action against Defendant Daniel Baxter ("Defendant"), "individually and in his official capacity as Director of Elections of the City of Detroit." Plaintiff is proceeding in this case *in forma pauperis*. (*See* Docket Entry Nos. 2 & 4).

Plaintiff's complaint states that "[t]his is a civil action arising under 42 U.S.C. § 1983 for deprivation of Plaintiff's right to hold elective office as a member of the Brush Park Citizens' District Council, without due process of law." (Compl. at ¶ 1). She alleges that a "member of a citizens' district council holds state office under MCL 125.74 *et seq*." (Compl. at ¶ 7). She alleges that Defendant is the "Director of Elections of the City of Detroit" (Compl. at ¶ 2) and that although she received more votes than other candidates in the Brush Park district, Defendant "did not declare her elected, and instead declared four candidates elected each of whom received fewer votes than Plaintiff." (Compl. at ¶¶ 3-4). She alleges that Defendant "has deprived Plaintiff of her liberty and property interest in holding office as a member of this Brush Park Citizens' District Council, without Due Process of law, in violation of 42 U.S.C. § 1983." (Compl. at ¶ 12). Plaintiff seeks monetary damages in an amount not to exceed $500,000.00. (Compl. at 4).

On August 26, 2011, an attorney, Frank Becker, appeared in this action on behalf of Plaintiff.

The Scheduling Order in this case provides that discovery closed on March 30, 2012 and that all dispositive motions must be filed by April 30, 2012. (Docket Entry No. 10).

On April 30, 2012, Defendant Baxter filed a "Motion for Dismissal and/or Summary

Judgment." (Docket Entry No. 13).

As of June 1, 2012, however, Plaintiff had not filed any response in opposition to the motion. On June 1, 2012, this Court issued an order requiring Plaintiff to show cause, in writing, no later than June 11, 2012, why Defendant's unopposed motion should not be granted. (Docket Entry No. 15). That Order prompted Plaintiff's Counsel to file a response, which he filed on June 9, 2012. (Docket Entry No. 16).

**B.    Factual Background**

The City of Detroit enacted an ordinance that establishes Citizens District Councils. It held elections on April 5, 2011.

Plaintiff filed a nominating petition to run for the Brush Park District Citizens' District Counsel, listing her address as 269 Watson in Detroit, Michigan. (Pl.'s Dep. at 15). That address is within the Brush Park District. On March 28, 2011, Plaintiff then voted in the Brush Park District Citizens' Counsel April 5, 2011 election by absentee ballot, listing her address as 269 Watson. (Ex. D to Def.'s Br.)

Plaintiff also ran as a write-in candidate in the Art Center District Citizens' District Council April 5, 2011 election. Plaintiff voted in the Art Center election by submitting a ballot on April 5, 2011, listing her address as 314 E. Ferry Park in Detroit, Michigan. (Ex. F to Def.'s Br.). That address is within the Art Center District. Plaintiff testified that her primary address was still on Watson but that she had a "secondary address" at 314 Ferry Park on the date of the election. (Pl.'s Dep. at 18). It appears that Plaintiff changed her address with the Michigan Secretary of State on April 5, 2011, indicating that her address was 314 E. Ferry Park on April 5, 2011. (Ex. E to Def.'s Br.).

Defendant Baxter, as Director of Elections in the City of Detroit, certified the results of the elections. As to the Brush Park election, the Official Canvass indicates that Plaintiff received nine votes, which would have resulted in her being elected to office. However, Plaintiff was "Disqualified per CDC Ordinance 2-9-9(3)." (Ex. H to Def.'s Br.). Defendant states that Plaintiff was disqualified based on her change of address to a residence outside of the Brush Park District.

Plaintiff was not disqualified in the Art Center election. Plaintiff was not elected in that election, however, because she lost in a tie-breaker. (Ex. I to Def.'s Br.).

## ANALYSIS

**I. Defendant's Motion Does Not Establish That Plaintiff's Complaint Should Be Dismissed Because The Office In Question Is Not A State Or City Office Or Because The Complaint Contains Insufficient Factual Allegations.**

Defendant first contends that Plaintiff's complaint fails to state a § 1983 claim against him because "[c]ontrary to Plaintiff's assertion, the elected position on the citizens' district council is not a state office" and that position is "not a City office. The elected position on the citizens' district council is a council established to provide advice and consultation from the stakeholders in the community relating to rehabilitation of blighted areas." (*Id.* at 4). Defendant's brief does not direct the Court to any legal authority to support his assertion that Plaintiff's complaint fails to state a due process claim because this elected position is not a city or state office.

Defendant's brief also directs the Court to *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) and then asserts that Plaintiff's Complaint is "entirely conclusory and devoid of specific factual allegations of unlawful conduct by this Defendant, which could withstand this motion to dismiss.

4

As such, Defendant is entitled to dismissal of Plaintiff's Complaint." (*Id*. at 7).

As to this section of the motion, the Court concludes that Defendant has not established that Plaintiff's complaint fails to state a claim. Defendant has provided no legal authority to support his assertion that Plaintiff's complaint fails to state a claim because this elected position is not a state or city office. And Defendant's request to dismiss the complaint for failing to contain sufficient factual allegations is not persuasive. Plaintiff was *pro se* when she drafted the complaint. Moreover, her complaint contains sufficient factual allegations that put Defendant on notice of the nature of her claim.

**II.     Defendant Is Not Entitled To Summary Judgment On The Ground That The Facts Show Plaintiff Was Ineligible And Therefore He Properly Disqualified Plaintiff.**

Defendant's second contention is that the undisputed facts show that, as Director of the City of Detroit's Department of Elections, he acted properly in disqualifying Plaintiff from the Brush Park District election. In sum, he contends that he properly disqualified Plaintiff and therefore he is entitled to summary judgment.

In response, Plaintiff's brief asserts that Defendant "seems to have intentionally misconstrued the nature of this case." (Pl.'s Br. at 2). Plaintiff then explains that her position is as follows. Plaintiff received sufficient votes to elect her to the Brush Park Citizens District Council but Defendant disqualified her without giving her any opportunity to contest or dispute her disqualification. Plaintiff contends that there was no basis for disqualifying her because there is nothing in the applicable ordinance that prohibits her from having two residences. Moreover, she contends that whether or not she is correct as to that position is besides the point. Her claim is that she had a protected liberty and property interest in the elected office and Defendant denied her due process because she was given no opportunity to challenge

5

Defendant's decision (i.e., a procedural due process claim).

The Court agrees that Defense Counsel has misconstrued the nature of Plaintiff's claim. The Court will not grant summary judgment to Defendant on the basis that Defendant properly disqualified Plaintiff in the election.

### III. Nevertheless, The Court Shall *Sua Sponte* Dismiss This Action Because Plaintiff Is Proceeding *In Forma Pauperis* And Her Complaint Fails To State A Claim Because Plaintiff Has No Liberty Or Property Interest To Elected Office And Thus She Does Not State A Procedural Due Process Claim.

As stated above, the Court concludes that Defendant's motion does not provide a cogent theory, or authority, for its request that the Court dismiss this action. Nevertheless, this Court shall *sua sponte* dismiss this action because Plaintiff's complaint fails to state a claim for relief that can be granted.

Plaintiff is proceeding *in forma pauperis* and the applicable statute requires this Court to dismiss this case, at any time, if it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(b)(2) ("the court shall dismiss the case at any time if the court determines that" the action "fails to state a claim on which relief may be granted.").

In this action, brought under § 1983, Plaintiff alleges that Defendant "deprived Plaintiff of her liberty and property interest in holding office as a member of the Brush Park Citizens' District Council, without Due Process of law" (i.e., a procedural due process claim). (Compl. at ¶ 12).

The Fourteenth Amendment provides, in pertinent part, that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. Amend. XIV, § 1. As explained by the Sixth Circuit, "[i]n considering procedural due process claims, we first determine whether the interest at stake is within the Fourteenth Amendment's protection of

liberty and property. Only after we have concluded that the interest claims is within that protection do we consider the form and nature of the process that is due." *Ferencz v. Hairston*, 119 F.3d 1244, 1247 (6th Cir. 1997).

"Thus, in a § 1983 due process claim for deprivation of a property interest, a plaintiff must first show a protected [liberty or] property interest. Only after meeting this requirement can the plaintiff prevail by showing 'that such interest was abridged without appropriate process.'" *Id.* (quoting *LRL Properties v. Portage Metro Housing Auth.*, 55 F.3d 1097, 1108 (6th Cir. 1995)).

It is well established that an individual has no property or liberty interest in an elected office. *Taylor v. Beckham*, 178 U.S. 548, 577-78 (1900); *Snowden v. Hughes*, 321 U.S 1, 7 (1944) ("More than forty years also this Court determined that an unlawful denial by state action of a right to state political office is not a denial of a right of property or of liberty secured by the due process clause."). Lower courts, including the Sixth Circuit, have likewise concluded that a candidate for elected office holds no property or liberty interest in an elected position. *See, e.g., Burks v. Perk*, 470 F.2d 163, 165 (6th Cir. 1972) (holding Cleveland city commissioners did not have property interest in their offices under Fourteenth Amendment); *Velez v. Levy*, 401 F.3d 75, 86-87 (2d Cir. 2005) (holding plaintiff did not state procedural due process claim because she lacked protected interest in her elected office); *Kurita v. State Primary Bd. of the Tennessee Democratic Party*, 2008 WL 4601574 (M.D. Tenn. 2008) (same and collecting cases).

Because Plaintiff does not have either a property or a liberty interest in the elected office of Brush Park Citizens District Council member, she does not state a procedural due process

7

claim.[1]  The Court shall therefore dismiss this action.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Plaintiff's Complaint is

DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

        S/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated:  September 6, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 6, 2012, by electronic and/or ordinary mail.

        S/Jennifer Hernandez
        Case Manager

---

[1] Given the conclusion that Plaintiff lacks a protected interest, the Court need not consider the form or nature of the process due.  Nevertheless, it appears that the Citizens' District Council Elections Rules of Procedure do provide a mechanism for a "candidate aggrieved on account of fraud or mistake" in elections to challenge election results by filing a petition within six days.  Plaintiff's complaint does not allege that she filed such a petition. (Def.'s Ex. G, Rule 18).